CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 17, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **MACKENZIE POSTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00169 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CODY LOONEY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Mackenzie Poston, Pro Se Plaintiff; Nathan H. Schnetzler, FRITH ANDERSON + PEAKE, P.C., Roanoke, Virginia, for Defendant Cody Looney.*

The plaintiff, an inmate in state custody proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983, claiming that the defendant used excessive force in arresting her. This matter is currently before me on the defendant's Motion for Summary Judgment, Dkt. No. 14. The motion having been fully briefed by the parties is now ripe for consideration. Upon review of the record, I conclude that the Motion for Summary Judgment must be granted.

## I. BACKGROUND.

This dispute arises out of the defendant's arrest of Poston on January 16, 2024. The parties offer markedly different accounts of what occurred.

A. Poston's Version of Events.

In her Complaint, Poston alleges that on January 16, 2024, the defendant, a local law enforcement officer, asked Poston for her name and information "without cause."  Compl. 2, Dkt. No. 1.  Poston alleges that after she refused to provide this information to the defendant, he handcuffed her and placed her in his vehicle before striking Poston in the face three times, causing her to suffer two black eyes.  In a supplemental complaint, Poston further alleges that the defendant caused her to suffer a chipped tooth and a busted nose.  Suppl. Compl. 4, Dkt. No. 11.

B. The Defendant's Version of Events.

In his sworn declaration, the defendant states that he is a sheriff's deputy with the Buchanan County Sheriff's Office.  He alleges that on January 16, 2024, he was dispatched to the area of Painter Lick Branch in Buchanan County, Virginia, in response to a 9-1-1 call "regarding a male and female arguing in the middle of the road."  Mem. Supp. Summ. J. Ex. 1, Looney Decl. 1, Dkt. No. 15-1.  After arriving on the scene, the defendant observed a woman in the road whom he later identified as Poston.  The defendant approached Poston and asked her if "she was ok, but she began speaking incoherently."  *Id.*  The defendant could smell a strong odor of alcohol coming from Poston's person and observed her drinking from a bottle of Crown Royal whiskey.  The defendant also observed that Poston had bloodshot, glassy eyes and her pupils were dilated.

The defendant alleges that he then placed Poston in the back of his patrol vehicle "so that [he] could try to locate the male subject." *Id.* at 2-3. The defendant did not handcuff or otherwise restrain Poston at this time. The defendant could not locate the male subject but did discover a Chevrolet Equinox "on its side in the nearby creek bed." *Id.* at 3. After returning to his vehicle, the defendant asked Poston whether she knew anything about the Equinox. Poston then "became irate and combative," and the defendant attempted to place her in handcuffs. *Id.*

While the defendant attempted to handcuff Poston, she "grabbed [the defendant's] holstered service weapon." *Id.* The defendant gave Poston a verbal command not to touch his service weapon and placed her on the ground. While on the ground, Poston "continued to try to grab [the defendant's] service weapon." *Id.* The defendant was ultimately able to restrain Poston on the ground but not before dislocating his thumb and suffering a right-hand sprain. The defendant "held Poston on the ground until additional assistance arrived." *Id.*

Shortly thereafter, Deputy Ward with the Buchanan County Sheriff's Office arrived on the scene and "helped [the defendant] get handcuffs on Poston." *Id.* The defendant and Deputy Ward were eventually able to place Poston in the back seat of the defendant's vehicle, but not before Poston spit on Deputy Ward multiple times. The defendant submits that at no point during the officers' interaction with Poston did either officer "strike Poston in the face or anywhere else on her body." *Id.* at 4.

-3-

The defendant then transported Poston to the sheriff's office. While en route, the defendant twice asked Poston if she needed medical attention but she refused both times.

Upon arriving at the sheriff's office, Poston was "restrained in the booking room." *Id.* The defendant obtained multiple warrants for assault on a law enforcement officer and warrants for attempt to disarm a law enforcement officer and public intoxication for Poston. Poston was then transported to jail, but not before becoming combative with the jail officers.

On November 13, 2025, Poston pleaded guilty to simple assault on a law enforcement officer and attempt to disarm a law enforcement officer and was sentenced to six months incarceration followed by two years probation. Reply Mem. Supp. Mot. Summ. J., Dkt. No. 18-1.

## II.    DISCUSSION.

### A. The Standard of Review.

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, a plaintiff "must set forth specific facts showing that there is a genuine

-4-

[factual] issue for trial" on which the jury could find in her favor. *Id.* (internal quotation marks and citations omitted).

The court's summary judgment inquiry is whether the evidence, taken in the light most favorable to the nonmoving party, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (citation omitted).

## B. Analysis.

Summary judgment is appropriate where the opposing party's "version of events is so utterly discredited by the record that no reasonable jury could have believed him." *Scott v. Harris*, 550 U.S. 372, 380 (2007). And based on the record before me, I conclude that this circumstance is present here. Poston claims that the defendant asked her to provide her information without cause, and after Poston refused to do so the defendant placed her in his police vehicle and struck her three times, causing her to suffer two black eyes, a chipped tooth, and a busted nose. But Poston's booking photograph, which was taken shortly after her arrest,[1] completely

---

[1] The defendant has provided a sworn declaration from Jeannie Patrick, an employee at the Southwest Virginia Regional Jail Authority's Haysi facility where Poston was booked, stating that Poston's booking photo was taken "in the early morning hours of January 17, 2024." Mem. Supp. Mot. Summ. J. Ex. 3, Patrick Decl., Dkt. No. 15-3. In her Response, however, Poston alleges for the first time that her booking photo was taken "[d]ays" after the defendant allegedly struck her. Pl.'s Resp. 2, Dkt. No. 17. But I will not consider this allegation in assessing the defendant's motion. A plaintiff, even when

belies her claim that the defendant struck her in the face.  Indeed, upon review, the

photo shows no black eyes nor any signs of trauma whatsoever.  Mem. Supp. Mot.

Summ. J. Ex. 3, Dkt. No. 15-3.

## III.  CONCLUSION

For the reasons stated above, the defendant's Motion for Summary

Judgment, Dkt. No. 14, will be granted.  A separate judgment will be entered

herewith.

DATED:  April 17, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

proceeding pro se, may not raise new claims or allegations for the first time in opposition to a motion for summary judgment.  *Williams v. Harvey*, No. 4:05CV161, 2006 WL 2456406, at *6 (E.D. Va. Aug. 21, 2006).  Moreover, because Poston's Response is unsworn and not given under penalty of perjury, it is insufficient to defeat summary judgment.  *United States v. McLaren*, No. 3:20-CV-2714-CMC-PJG, 2021 WL 5317299, at *2 (D.S.C. Nov. 16, 2021) (citing *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315-16 (3d Cir. 2019)).